DEOGRACIAS SANTIAGO CRUZ, ETC., demandante y recurrente, v. FRANCISCO HERNÁNDEZ ANDINO, ETC., demandado y recurrido.

*Número:* R-63-175      *Resuelto:* 29 de enero de 1965

*José T. Marrero Rivera,* y *Noel Colón Martínez,* abogados del recurrente; *Guillermo Bauzá,* y *M. Bauzá Colón,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

La determinación de hecho número dos de la sentencia del Tribunal Superior lee como sigue:

"En la fecha antes expresada el joven Francisco Hernández Lebrón, hijo del demandado, Francisco Hernández Andino, y bajo cuya custodia y patria potestad vivía, manejaba el vehículo de motor licencia número 702-303 por la carretera que conduce desde Río Piedras hasta Fajardo; al llegar al kilómetro 18.8 arrolló a la menor Doris Ivette causándole la muerte. La causa directa y única de este trágico accidente fue la negligencia del menor Francisco Hernández Lebrón; negligencia consistente en conducir a una velocidad en exceso de la permitida por la ley y en haber invadido la zona de seguridad donde estaba detenida la menor fallecida. A esta fecha Doris Ivette era una niña de inteligencia despierta; cursaba el primer grado con gran aprovechamiento y era muy querida por sus padres. Tenía ocho años de edad."

En la demanda se exponen los hechos, se alegan los daños y se solicita sentencia por $25,000.00. Luego de la correspondiente vista el Tribunal de instancia hizo las siguientes determinaciones de derecho:

. . "1.—Las disposiciones contenidas en los artículos 1802 y 1803 del Código Civil no son aplicables al demandado en este caso ya que la prueba demuestra que con anterioridad al accidente siempre empleó las diligencias de un buen padre de familia para prevenir actos culposos por parte de su hijo que pudieran causar daños a otras personas."

"2.—Las actuaciones delictivas del menor no se debieron al incumplimiento por parte de su padre del deber de vigilancia, reprensión, disciplina y educación. Jurídicamente el demandado responde no de la culpa de su hijo—indiscutible en este caso— sino de su propia culpa, culpa que, a la luz de las circunstancias que caracterizan los hechos que consideramos, no existe. En esta forma quedó controvertida la presunción juris tantum de culpa que militaba contra él."

A tenor con las conclusiones de derecho a que llegó el tribunal, éste declaró sin lugar la demanda e impuso las costas al demandante. El demandante señala tres errores. Los primeros dos van dirigidos a impugnar la conclusión del Tribunal en el sentido de que no hay responsabilidad civil en este caso a base de los Arts. 1802 y 1803 del Código Civil, 31 L.P.R.A. secs. 5141 y 5142, y en el tercer error invoca la responsabilidad que surge a base de la Ley de Vehículos y Tránsito.

■ Sobre el tercer error mencionado el demandado aduce que es ahora en apelación que se invoca, como dijimos antes, la responsabilidad que surge de la Ley de Vehículos y Tránsito y nos insta a que no la tengamos en cuenta. No estamos de acuerdo. Ya hace años, en *Piovanetti* v. *Vivaldi*, 80 D.P.R. 108, 121–122 (1957) expresamos que la norma general de que en apelación este Tribunal no conocerá ni resolverá ninguna cuestión que no haya sido planteada o resuelta por el tribunal de cuya sentencia se apela no es un dogma inquebrantable sino que tiene numerosas excepciones y limitaciones. Dicho principio, dijimos en el caso citado, debe aplicarse con gran cautela, apartándose de los rigores e inflexibilidad de una regla automática. Pound, *Appellate Procedure in Civil*

*Cases* (1941), 133–135, 298–304, 387–388; *Raising New Issues on Appeal*, 64 Harv. L. Rev. 652 (1951). Es indudable, dijimos allí, que debemos descartar la arcaica teoría de que un apelante nunca puede variar en apelación su teoría del caso. Expresamos que dicha teoría sólo constituye un ritualismo incompatible con la exigencia de fallar los casos en sus méritos. Véase además, en el mismo sentido, *Morales Mejías* v. *Met. Pack. & Ware. Co.*, 86 D.P.R. 3 (1962). No podríamos, sin faltar a nuestro deber de impartir justicia, negarnos a considerar si en este caso hay o no responsabilidad civil a base de la legislación sobre vehículos y tránsito, legislación hecha expresamente para, entre otras cosas, situaciones como la que presenta este caso.

■ En *Dávila* v. *Valldejully*, 84 D.P.R 101, 104 (1961) expresamos que es obligación de todo tribunal velar porque se le haga justicia a aquél que de acuerdo con el más sano criterio del juzgador tiene derecho a ella; y en *Coll* v. *Picó*, 82 D.P.R. 27, 38 (1960) dijimos que no hay nada que nos impida reconocer en grado de apelación o de revisión, a instancia de parte y aun de oficio, que en realidad existe otro fundamento de derecho válido y adecuado para sostener la contención básica de una parte en un pleito.(¹) Las propias Reglas de Procedimiento Civil disponen (Regla 44.3) que "[t]oda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aun cuando ésta no haya solicitado tal remedio en sus alegaciones . . . ."

Como dijimos en *Cordero Santiago* v. *Lizardi Caballero*, 89 D.P.R. 150 (1963), "El advenimiento del automóvil con los consiguientes riesgos en su operación y manejo para vidas

---

(¹) En cierto sentido, en este caso podría decirse que la teoría del demandante en apelación es la misma que la que sostuvo en el tribunal de instancia: que el padre es civilmente responsable por la negligencia de su hijo menor de edad al éste conducir un automóvil; que lo que varía es la ley aplicable al caso y que eso es cuestión que muy bien nosotros podemos determinar en grado de apelación. Sin embargo, preferimos la posición que hemos adoptado en el texto de esta opinión.

y propiedades planteó un problema de convivencia social que requería acción legislativa." Debemos ver, pues, qué dispone sobre el particular la legislación de automóviles y tránsito. De inmediato conviente aclarar que la ley aplicable no es la Ley Núm. 141 de 20 de julio de 1960, 9 L.P.R.A. secs. 301 y ss., como equivocadamente cree el recurrente, sino que es la Ley Núm. 279 de 5 de abril de 1946, 9 L.P.R.A. secs. 171 y ss. Esto es así porque los hechos ocurrieron en 28 de marzo de 1960 cuando todavía estaba vigente la Ley de Automóviles y Tránsito de 1946 y no la Ley Núm. 141 de 20 de julio de 1960, denominada Ley de Vehículos y Tránsito. La Ley Núm. 141 de 1960 derogó la Ley Núm. 279 de 1946. (2)

Aclarado que la ley aplicable es la del año 1946 veamos lo que sobre el particular disponía la misma. En su Art. 7 (e) disponía:

"No se expedirá licencia a persona menor de dieciséis (16) años de edad. Se podrá expedir licencia de conductor a una persona cuya edad fluctúa entre los dieciséis (16) y dieciocho (18) años, para manejar su propio automóvil o el de la persona bajo cuya patria potestad se encuentra, cuando dicho automóvil se utilizare para servicio privado. En estos casos la persona bajo cuya patria potestad se encuentre el menor, deberá mediante escrito presentado al Secretario, hacerse responsable de todas las multas que se impusieran al conductor por cualquier infracción de las secs. 171 a 193 de este título *y al pago de los daños y perjuicios que dicho conductor causare.* Fuera de este caso, no se expedirá licencia alguna a personas menores de dieciocho (18) años." 9 L.P.R.A. sec. 177 (e) ed. 1954. (Subrayado nuestro.)

La letra de la ley es clara. Para expedirse licencia de conductor a una persona cuya edad fluctuase entre los 16 y los 18 años era (y es, bajo la ley vigente) necesario que la persona bajo cuya patria potestad se encontrase el menor, firmase

---

(2) Para un historial de la legislación sobre la responsabilidad civil del dueño de un vehículo de motor en estos casos, véase *Cordero Santiago* v. *Lizardi Caballero,* supra.

un escrito haciéndose responsable de las multas que por infracciones a la Ley de Vehículos y Tránsito se le impusieren y al pago de los daños y perjuicios que dicho menor causare. Es fácil comprender que la razón de ser de esta disposición es que generalmente los menores de 18 años son insolventes y en ausencia de dicha disposición quedarían indefensos los perjudicados por ellos al conducir vehículos de motor.[3] Del récord surge que el demandado, padre con patria potestad sobre el menor en este caso, firmó el correspondiente escrito. (T.E. págs. 6–7.) La conclusión es inescapable. Habiendo concluido el Tribunal de instancia que la causa indiscutible, directa y única de la muerte de la niña Doris Santiago Mújica fue la negligencia del menor Francisco Hernández Lebrón y habida cuenta de lo que dispone la ley sobre el particular, el demandado es civilmente responsable de los daños y perjuicios causados a los padres de Doris.

*Se revocará la sentencia dictada por el Tribunal Superior en este caso en 12 de junio de 1963 y se dictará sentencia declarando con lugar la demanda y sentenciando al demandado a pagar a Deogracias Santiago Cruz y Mercedes Mújica Pérez la suma de doce mil dólares por concepto de daños y perjuicios, más las costas, incluyendo las del presente recurso, y quinientos dólares por concepto de honorarios de abogado.*

[3] Para la disposición de ley vigente véase 9 L.P.R.A. sec. 653(b). Ley Núm. 141 de 20 julio 1960, Sec. 3–103.