EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX CANDELARIO MARTÍNEZ, acusado y apelante.

*Número:* CR-68-9      *Resuelto:* 11 de octubre de 1968

*Julio I. Rodríguez Torres,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue convicto de conducir un automóvil estando bajo los efectos de bebidas embriagantes, en violación de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041. Se

le impuso una multa de cien dólares y se le suspendió la licencia por el término mínimo de un año que prescribe la ley.

El único error señalado consiste en impugnar la suficiencia de la prueba. No tiene mérito el señalamiento. El policía que intervino con el apelante declaró que vio pasar el carro dando zig-zags por la calle, que poco más adelante el carro se subió a la acera en un lugar donde hay un muro, con motivo de lo cual se le dobló una rueda delantera y se le rompió el silenciador (*muffler*); que el apelante tenía un fuerte olor a licor y se tambaleaba. Fue llevado al cuartel y de allí al Hospital Municipal en donde se le hizo la prueba de sangre. El resultado de dicha prueba fue de .20% a pesar de haber transcurrido una hora del accidente al tiempo en que se le tomó la muestra, lo cual lo coloca dentro del inciso 3 del antes citado artículo de la Ley de Vehículos y Tránsito, cuyo inciso 3 dispone que

"Si al momento del análisis había en la sangre del acusado quince (15) centésimas de uno (1) por ciento, o más, por peso de alcohol, se presumirá que el acusado estaba bajo los efectos de bebidas embriagantes al tiempo de cometerse la alegada infracción." 9 L.P.R.A. sec. 1041 (b) (3).

Obviamente el juzgador de los hechos no dio crédito a la declaración de la testigo de defensa Isabel Santiago quién declaró que el apelante no estaba ebrio. El propio apelante declaró que "se había dado unas cervecitas".

En su alegato el apelante nos dice que él no cometió ningún acto anti-social. Por el contrario, lo cometió. Conducir un vehículo de motor en estado de embriaguez es un acto anti-social. Pone en peligro no solo la vida del que lo hace, sino también la de otros. Por ejemplo, en este caso el carro que conducía el apelante se subió a la acera en una vía urbana topando con tal fuerza que se le dobló una rueda. Eso pudo haberle costado la vida a un niño que hubiese estado allí.

Se han dado casos similares. ([1]) Si lo que quiere decir el apelante—como parece—es que al ser arrestado no alteró la paz ni hizo resistencia, entonces parece incurrir en el error de creer que para ser convicto de un delito tiene que haber cometido otros dos más. Naturalmente eso no es correcto. Véase *Pueblo* v. *Díaz Torres*, 89 D.P.R. 720 (1963) en donde discutimos ese *non sequitur*. Allí, a la pág. 734, dijimos:

"No es necesario probar que el acusado se puso malcriado para probar que estaba ebrio. Es de conocimiento general que unos borrachos se ponen muy finos, otros pendencieros; unos muy alegres mientras que a otros les da por llorar. A otros sencillamente les da sueño y se quedan dormidos y silenciosos. La ley no penaliza el conducir un vehículo mientras se está ebrio porque el conductor se ponga malcriado, sino porque al conducir un vehículo de motor en ese estado pone en grave riesgo su vida, la de los que le puedan acompañar en el vehículo, y la de otras personas que estén en las calles, en las aceras, en los parques y en los balcones."

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Ponce, en 25 de agosto de 1967.*

---

[1] En *Santiago Cruz* v. *Hernández Andino,* 91 D.P.R. 709 (1965), un conductor que invadió con su carro la zona de seguridad mató a una niña que cursaba el primer grado de escuela.