# 95 DTA 176

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I

PETRA ORTIZ RIVERA
Demandante-Apelada

v.

SERVICIOS MEDICOS DE CAROLINA, INC.; EMPRESAS ROSICH, INC.; SERVICIOS MEDICOS METROPOLITANOS, INC.; JORGE ROBERTO ROSICH BACHS; EUGENIA SIERRA; LA SOCIEDAD LEGAL COMPUESTA POR JORGE ROBERTO ROSICH BACHS, EUGENIA SIERRA; FULANO DE TAL
Demandados-Apelantes

Núm. KLAN-95--00109

San Juan, Puerto Rico, a 16 de junio de 1995

Panel integrado por su presidente, Juez señor Rossy García
y los Jueces señores Aponte Jiménez y Negroni Cintrón.

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante Recurso de Apelación presentado el 1ro. de marzo de 1995 Servicios Médicos de Carolina, Inc.; Empresas Rosich, Inc.; Servicios Médicos Metropolitanos, Inc.; Jorge Roberto Rosich Bachs, Eugenia Sierra; la Sociedad Legal de Gananciales compuesta por Jorge Roberto Rosich Bachs y Eugenia Sierra; y Fulano de Tal , en adelante *"los Apelados"*, nos solicitan que revisemos la corrección de la sentencia dictada el 14 de febrero de 1995 por el Tribunal de Instancia, Subsección de Distrito de San Juan, en el caso número 95-201(503), por la cual el foro de instancia condenó a los apelantes a satisfacerle solidariamente a la querellante doctora Petra Ortiz Rivera, sus reclamos salariales y otros beneficios que totalizaron la suma de $4,775.76, una suma igual en concepto de penalidad, las costas y la suma de $350.00 en honorarios de abogados, al tenor del procedimiento especial dispuesto por la Ley Número 2 del 17 octubre de 1961, 32 L.P.R.A. 3118, *et seq.*

Habiendo la doctora Ortiz Rivera presentado el 3 de abril de 1995 su oposición a la apelación interpuesta, este Tribunal está en posición de resolver el recurso, sin ulteriores trámites.

### I

Ante el foro apelado y acogiéndose al trámite autorizado por la Ley Número 2, *supra*, la doctora Ortiz Rivera presentó una querella el 11 de enero de 1995 reclamando de los Apelantes el pago de salarios y otros beneficios, específicamente, las siguientes sumas: $1,100.00 de sueldo equivalente a una quincena de trabajo; $600.00 por concepto del pago de gastos de auto; $100.00 por concepto de guardias efectuadas; $250.00 por seguro de impericia médica; $420.00 por concepto de Seguro Social; $2,200.00 por concepto del pago de mesada y $105.76 por concepto de la compensación adicional por el despido injustificado para un total de $4,775.76.

Adujo en su querella que era doctora en medicina debidamente autorizada para ejercer su profesión en Puerto Rico; que había sido contratada por los Apelados con el fin de prestarle servicios médicos a diversos pacientes, principalmente égidas y hogares de retiro; que trabajó para los Apelados como médico desde el 1ro. de febrero hasta el 13 de abril de 1994; que durante todo ese tiempo la doctora Ortiz Rivera se desempeñó con excelencia en sus labores; que los Apelados incumplieron los términos del contrato al no pagarle a la doctora Ortiz Rivera todas las sumas y los beneficios acordados y que, finalmente, el 13 de abril de 1994 la despidieron, sin que mediase justa causa para ello. Apéndice, Réplica a Escrito de Apelación, páginas 4 a 6.█

Los Apelantes fueron emplazados el 12 de enero de 1995. La querella y los emplazamientos dirigidos a éstos indicaban claramente que la querella estaba tramitándose al amparo del procedimiento sumario especial dispuesto en la Ley Número 2, *supra*. Los emplazamientos, específicamente, anunciaban que los Apelantes tenían el término de diez (10) días a partir del diligenciamiento para contestar la querella, si el diligenciamiento se realizaba dentro del distrito judicial en que se promovía la querella, según prescribe la Sección 3 de la Ley Número 2, *supra*, 32 L.P.R.A., 3120.█

Desatendiendo lo dispuesto en la sección antes indicada, los Apelantes presentaron una Moción de Prórroga, sin juramentar, con fecha de 18 de enero de 1995, aduciendo como fundamento para el aplazamiento que el abogado que suscribía la moción necesitaba un término de treinta (30) días para realizar una investigación de los hechos alegados en la demanda y poder contestar la misma. Esta fue denegada por el Tribunal de Instancia a base de lo resuelto en *Roberto Mercado v. Zeta Communications,* ___ D.P.R. ___ (1994), **94 J.T.S. 50**, opinión del 7 de abril de 1994.

El 31 de enero de 1995 la doctora Ortiz Rivera le solicitó al Tribunal mediante moción al efecto que dictara sentencia a su favor, según autorizado en la Ley Número 2, *supra*. En la fecha en que se presentó esta moción el término de diez (10) días que tenían los Apelantes para contestar la querella había vencido.

Respondiendo a dicha solicitud, el Tribunal de Instancia dictó la sentencia de la cual se recurre ante nos.

Posteriormente, los Apelantes presentaron su contestación a la demanda, Apéndice a Réplica a Escrito de Apelación, página 28, y otras mociones. En una de ellas solicitó la vista evidenciaria para dilucidar una controversia que estimaba existía en cuanto a quién era el patrono de la doctora Ortiz Rivera. *Id.* página 31.

Insatisfechos con la sentencia dictada los apelantes instaron el recurso que consideramos para que revoquemos el dictamen emitido.

El 3 de abril de 1995 la doctora Ortiz Rivera presentó un escrito en oposición a la apelación presentada denominada Réplica a Escrito de Apelación y una moción separada solicitando la desestimación del Recurso aduciendo para ello el incumplimiento del Reglamento de este Tribunal.

## II

Antes de referirnos a los errores apuntados en el escrito de apelación, debemos dirijirnos a los señalamientos de la doctora Ortiz Rivera imputándole a los Apelantes el incumplimiento del Reglamento del Tribunal de Circuito de Apelaciones en la tramitación del recurso.

Es evidente que los Apelantes incumplieron con su obligación de certificar en su Escrito de Apelación **cómo notificaron la copia del escrito** a los abogados de las partes --si antes o

**en la misma fecha de la presentación del escrito--** y si lo hicieron mediante entrega personal o **por correo** certificado con acuse de recibo, si optaron por la notificación por correo, Regla 14(C)(1) y (D); siendo el escrito de apelación el alegato del apelante, por tratarse de un caso Civil█ el escrito inicial no incluyó la cubierta requerida por la Regla 35 (C); tampoco incluyó el índice requerido por la Regla 35(D), con los requisitos de forma fijados por la Regla 38 y el apéndice conjunto que requiere la Regla 37.

Vistas en conjunto, las omisiones de los apelantes demuestran que el recurso no ha sido perfeccionado de acuerdo con la ley y, a tono con lo dispuesto en la Regla 31 del Reglamento de este Tribunal podríamos desestimar el recurso. No obstante ello, la oposición al recurso de apelación presentada por la doctora Ortiz Rivera vino acompañada de un apéndice completo que incluye los documentos necesarios para considerar el recurso de apelación, a pesar de sus deficiencias, y que nos permite analizar los méritos de los errores planteados al subsanar la limitación que produjo el que el apelante incumpliera lo dispuesto en la Regla 37 de nuestro Reglamento y que de ordinario acarrea la desestimación del recurso, por tratarse de una falta que afecta sustancialmente el perfeccionamiento del recurso y el descargo de nuestra función apelativa. Al así actuar y como veremos más adelante evitaremos un descalabro de la justicia. Consideremos ahora los méritos del recurso.

### III

Al formular las reclamaciones contra los Apelantes ante el foro de instancia, la doctora Ortíz Rivera se acogió al procedimiento establecido por la Ley Número 2 del 17 de octubre de 1961, *supra*. Este procedimiento es uno especial y de naturaleza sumaria que, por considerar el Estado que cualquier cuestión relacionada con [un] contrato de trabajo, por su posible efecto sobre la economía de nuestro pueblo, está revestida de interés público, tiene ciertas disposiciones que son más favorables al obrero que al patrono, por haber sido la conclusión del estudio legislativo que no existe igualdad de medios económicos entre las partes para una adecuada defensa de sus respectivos derechos, al originarse la reclamación judicial. *Landrum Mills v. Tribunal Superior,* 92 D.P.R. 689, 691-692 (1965).

Desde la aprobación de su antecesora, la Ley Número 10 de 1917 hoy derogada, el propósito y esencia de la Ley Número 2, *supra*, ha sido la rápida disposición de las reclamaciones que al tenor de la misma se formulan en los Tribunales, pues desprovistas de estas características resultaría un procedimiento ordinario más. Véase *Resto Maldonado v. Galarza Rosario,* 117 D.P.R. 458, 460 (1986); *Díaz v. Hotel Miramar,* 103 D.P.R. 314, 316 (1975).

Es por eso que los tribunales deben promover el propósito legislativo de imprimirle un carácter sumario a los procedimientos sobre reclamaciones de salarios, *Resto Maldonado, v. Galarza Rosario, supra*. Deben ser diligentes y rápidos en la tramitación judicial de las reclamaciones laborales, aplicando rigurosamente los términos taxativos de la Ley Número 2, *supra*, salvo circunstancias excepcionales, cuando median circunstancias específicas. *Román Cruz v. Díaz Rifas,* 113 D.P.R. 500, 505 (1982).

Con estos antecedentes examinemos los errores señalados por los apelantes en su escrito. En éste le imputan al Tribunal de Instancia los siguientes errores: (1) condenar a los querellados a pagarle solidariamente la sentencia impuesta, sin indicar quien era el patrono de Ortiz Rivera; (2) conceder en su sentencia el pago de Seguro Social como beneficio de Ortiz Rivera; (3) no permitir la consolidación de otras reclamaciones judiciales presentadas contra los Apelantes; (4) conceder el remedio solicitado, *"...cuando la querellante no esta [sic] cobijada por la Ley Número 2 del 16 de octubre de 1961..."* y (5) al conceder las cantidades reclamadas. Escrito de Apelación, página 4.

Los errores uno y tres cuestionan aspectos procesales de la tramitación del pleito. Los

errores dos y cinco disputan la corrección de algunas partidas y sumas concedidas en la sentencia recurrida. El error cuatro cuestiona la facultad del Tribunal para dictar la sentencia, al apuntar que los remedios concedidos a la doctora Ortiz Rivera son improcedentes porque ésta *"...no esta[sic] cobijada por la Ley Número 2 del 17 de octubre de 1961 "*.

Al así actuar los Apelantes reconocen indirectamente que, al no haber presentado una moción de prórroga debidamente fundamentada y juramentada según requiere la sección 3 de la Ley Número 2, *supra*, 32 L.P.R.A. 3120▮ el Tribunal no tenía jurisdicción, para conceder la prórroga y sólo procedía que dictara la sentencia contra los Apelantes, a instancias de la doctora Ortiz Rivera, concediendo el remedio solicitado, sin ulteriores trámites. Sección 4 de la Ley Número 2, *supra*, 32 L. P. R.A. 3121▮ Respetando este mandato legislativo, el Tribunal de Instancia descargó su obligación estatutaria con la prontitud que se le exige dictando sentencia contra los Apelantes, a solicitud de la doctora Ortiz Rivera, pues éstos no contestaron la demanda dentro del término de diez (10) días dispuesto por la sección 3 de la Ley Número 2, *supra*, 31 L.P.R.A. 3120.

La moción de prórroga que presentaron los Apelantes privaron de jurisdicción al Tribunal de Instancia para recibir la contestación presentada tardíamente, por lo que por virtud de lo dispuesto en la sección 4 de la Ley Número 2, *supra*, la única alternativa disponible para el Tribunal era dictar la sentencia contra los Apelantes concediendo el remedio solicitado, sin ulteriores trámites.

Considerando el error número uno señalado, no hay duda en cuanto a que son varios los querellados: tres (3) corporaciones, dos (2) personas naturales y la sociedad de gananciales compuesta por estos últimos dos. Rechazada la contestación de la querella presentada por los apelantes, resulta equivocado el señalamiento de los apelantes en cuanto a que como existía controversia sobre la identidad correcta del patrono de la doctora Ortiz Rivera, el Tribunal debió adjudicarla. Ello no es correcto si se considera que en los pleitos la controversia surge cuando se presenta la contestación a la demanda y en este pleito no se aceptó la presentada. Estando los apelantes en rebeldía, el Tribunal de Instancia tenía que aceptar las materias bien alegadas en la querella presentada y que aducía que todos los Apelantes, eran sus patronos. Regla 45 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Continental Insurance Co. v. Isleta Marina,* 106 D.P.R. 809, 815 (1974); *Rodríguez v. Tribunal Superior,* 102 D.P.R., 290, 294 (1977). El Tribunal actuó correctamente al dictar la sentencia contra todos los Apelantes pues esa es exactamente la consecuencia y riesgo que todos éstos asumieron al incumplir con su obligación de contestar a tiempo la demanda.

Si los apelantes son compañías que coexisten, si aplica la doctrina de un sólo patrono o la del patrono sucesor, así como si procede o no descorrer el velo corporativo, son elementos que no tenían que ser considerados por el Tribunal de Instancia para dictar la sentencia en rebeldía solicitada por la doctora Ortiz Rivera, en las circunstancias procesales que los Apelantes ubicaron el pleito al dejar de contestar la querella en tiempo. Por todo ello el error número uno no se cometió y resulta, a todas luces, inmeritorio.

Igualmente inmeritorio resulta el señalamiento número tres de los Apelantes que le imputa error al Tribunal por no haber consolidado la reclamación de la doctora Ortiz Rivera con otras reclamaciones que se presentaron en su contra. Basta con indicar que nada surge de los autos que sugiera que la reclamación de la doctora Ortiz Rivera tenía que ser acumulada con las otras para poder ser resuelta. Todo lo contrario. Los autos demuestran que se trataban de reclamaciones individuales que, aunque por razones prácticas o de economía procesal pudieran haber sido acumuladas, no impedían que el Tribunal de Instancia adjudicara separadamente la de la doctora Ortiz Rivera. Tampoco existe relación alguna entre el hecho de que no se haya acumulado todas las reclamaciones contra los Apelantes y la corrección de la sentencia recurrida que amerite revocar la sentencia.

Por otro lado, es claro el derecho de la doctora Ortiz Rivera de optar por utilizar el trámite procesal que le brinda la Ley Número 2, *supra*, aunque ésta sea una profesional de la salud, como apuntan los Apelantes. No encontramos en la sección 2 de la Ley Número 2, *supra*, particularmente en su definición de la palabra obrero, ██ apoyo alguno a la contención de los Apelantes de que esta ley excluye a los profesionales de la salud de sus beneficios. La redación de la sección 2 de la ley, *supra*, demuestra que la palabra *"empleado"* se debe usar en su acepción más amplia, no limitadamente como proponen los Apelantes. Este error es claramente inmeritorio.

Sólo nos queda considerar los señalamientos dos y cinco que van dirigidos a cuestionar la procedencia de las sumas y las partidas concedidas en la sentencia. Los apelantes disputan que el Tribunal de Instancia le haya concedido a la doctora Ortiz Rivera la suma de $420.00 por concepto de seguro social. Argumentan, en síntesis, que ello equivale a la concesión del beneficio a que tendría derecho la doctora Ortiz Rivera, si se acogiera a la jubilación, y que ello es improcedente hasta que tal evento ocurra, según la ley federal que no cita. Arguye, además, que es incorrecta la concesión de una quincena de trabajo y, al mismo tiempo, el pago de la compensación que concede la Ley Número 80 del 30 de mayo de 1976, según enmendada, 29 L.P.R.A. 185a *et seq.*

En cuanto a la partida denominada *"por concepto de seguro social"* que la doctora Ortiz Rivera reclamó en la demanda y el Tribunal de Instancia obviamente incluyó en la suma global que concedió en su sentencia, no tenemos elemento de juicio de hecho o de derecho, para concluir que su concesión o el cómputo realizado sea erróneo. De la sentencia no surge a qué se refiere esta partida y la discusión de este error es muy parco e insuficiente para permitirnos precisar si procede o no la concesión de esta partida y, determinar si los Apelantes tienen o no razón en su señalamiento. En tales circunstancias, le debemos deferencia a la determinación del Tribunal, pues no estamos ante un manifiesto error de derecho que por sí sólo justifique nuestra intervención con la determinación del Tribunal.

En cuanto al señalamiento de los Apelantes de que el Tribunal incidió al concederle a la doctora Ortiz Rivera la suma de $1,100.00 como pago de una quincena de trabajo y más $2,200.00 *"por concepto de pago de mesada"* los Apelantes no tienen razón. La doctora Ortiz Rivera tenía derecho a reclamar lo que se le adeudaba como salario pactado a la fecha en que quedó cesante, a lo que a todas luces responde su reclamo para que se le satisfaga la suma de $1,100.00 correspondiente a una quincena de trabajo. Debemos inferir que, a base de las alegaciones, el Tribunal concluyó que la doctora Ortiz Rivera trabajó esa quincena, pero no le fue satisfecha el sueldo correspondiente.

Ordenar el pago del sueldo quincenal adeudado no es incompatible con el reclamo y concesión de la suma de $2,200.00 por concepto de la indemnización que concede el Artículo 1 de la Ley Número 80, *supra*, 29 L.P.R.A., sección 185(a)██ que le reconoce a todo empleado que haya sido despedido sin justa causa, una compensación igual a un mes de sueldo, más una indemnización progresiva adicional igual a un semana por cada año de servicio. Según la demanda, la doctora Ortiz Rivera recibía $2,200.00 mensuales de sueldo ($1,100.00 por quincena multiplicado por dos quincenas) por lo que, al ser despedida injustificadamente, tenía derecho a un mes de sueldo como indemnización por ese despido y una indemnización adicional equivalente a una semana de sueldo por cada año de servicio. El propio Artículo 1 de la Ley 80, *supra*, reconoce que el derecho a reclamar ambas partidas son de distinta naturaleza, por lo que el pago de estas partidas no era mutuamente excluyente y el Tribunal no cometió error alguno al concederlas.

Hasta aquí la discusión de los errores señalados. No obstante lo anterior y nuestra norma reglamentaria que excluye de la consideración por este Tribunal los errores omitidos o no discutidos en el escrito de apelación, Regla 16 del Reglamento del Tribunal de Circuito de

Apelaciones, cuando evaluamos los señalamientos de error antes discutidos detectamos dos errores sustanciales de derecho en la sentencia recurrida que ameritan nuestra intervención, aunque no fueron identificados y discutidos por los Apelantes. La corrección de errores se justifica en bien de la justicia y no debe estar atada a la rigurosidad procesal ordinaria. *Pueblo v. Soto Ríos,* 95 D.P.R. 483, 485 (1977); *Santiago Cruz v. Hernández Agosto,* 91 D.P.R. 709, 712 (1961); *Dávila v. Valdejulli,* 84 D.P.R., 101, 104 (1961). Es norma fundamental que el que un tribunal considere admitidos los hechos correctamente alegados en la demanda cuando el demandado está en rebeldía, no priva al Tribunal de su derecho a evaluar si en virtud de tales hechos, no controvertidos, existe válidamente una causa de acción que amerita la concesión de un remedio. *Continental Insurance Co v. Isleta Marina, supra,* a la página 815-816.

En este caso, nos llamó la atención el que al dictaminar que procedía condenar a los Apelantes a indemnizar a la doctora Ortiz Rivera al tenor de lo dispuesto por la Ley 80, *supra,* el Tribunal de Instancia, sin decirlo expresamente, le aplicó incorrectamente a esa indemnización la doble penalidad que establece la sección 30 de la Ley Número 96 del 26 de junio de 1956, según enmendada, 29 L.P.R.A. 246b, mejor conocida como la Ley de Salario Mínimo. Al así actuar, el Tribunal de Instancia duplicó equivocadamente la suma que estatutariamente el legislador dispuso que constituiría la penalidad que se le impondría a un patrono que despidiera injustificadamente a un empleado, pues ello no se contempló al aprobarse la Ley Número 80, *supra.* Al examinar con más detenimiento este aspecto, nos percatamos, además, que el Tribunal de Instancia le aplicó también la sección 30 de la Ley Número 96, *supra,* a todas las reclamaciones formuladas por la doctora Ortiz Rivera en su querella. Al así actuar aplicó erróneamente esta ley.

La sección 30 de la Ley Número 96, *supra,* autoriza entre otras, la imposición de una penalidad igual a aquella suma que el patrono le adeude a un empleado y que éste se vea precisado a reclamarle, por concepto de salario, vacaciones, licencia por enfermedad o cualquier otro beneficio. La sección 33 de la Ley Número 96, según enmendada, 29 L.P.R.A. 246e, sin embargo, excluye de la aplicación de las disposiciones de la Ley de Salario Mínimo a los administradores, ejecutivos y profesionales, según estos términos han sido definidos mediante reglamento aprobado por la Junta de Salario Mínimo. Para determinar si una persona es o no un profesional para los efectos del inciso(b) de esta sección, debe estarse a lo que dispone el Reglamento Núm. 13, de la Junta de Salario Mínimo, y no al significado o uso común que tenga ese término. *Santiago v. CORCO,* 114 D.P.R. 267, 268-269, (1983).

El artículo V de dicho reglamento dispone que son profesionales los siguientes empleados:

*"(a) [los que] cuyo deber primordial consista en realizar trabajo:*

*(1) Que requiera conocimiento de tipo avanzado en el campo de la ciencia o del saber, usualmente adquirido a través de un curso prolongado de instrucción y estudio intelectual especializado, a diferencia de una educación académica general, de un aprendizaje y de entrenamiento en el desempeño de procesos mentales, manuales o físicos, rutinarios; o,*

*(2) de carácter original y creador en un campo reconocido de esfuerzo artístico (en contraposición a trabajo que pueda ser realizado por una persona que posea habilidad y entrenamiento general de naturaleza manual o intelectual), y cuyo resultado dependa primordialmente de la inventiva, imaginación o talento del empleado, y*

*(b) cuyo trabajo requiera el uso de discreción y juicio para llevarlo a cabo, y*

*(c) cuyo trabajo sea de carácter predominantemente intelectual y variable (en*

*contraposición a trabajo rutinario de carácter mental, manual, mecánico o físico) y de tal naturaleza que la producción total o el resultado obtenido no pueda ser medido en relación con determinado período de tiempo; y*

*(d) que no dedique más del 20 por ciento de las horas trabajadas en la semana de trabajo a actividades que no sean parte esencial y necesariamente incidental al trabajo descrito en los Apartados (a) al (c), inclusive, de este Artículo V;*

*(e) que reciba por sus servicios una compensación fija o a base de por ciento y honorarios, equivalente a un sueldo semanal no menor de cien dólares ($100.00), excluyendo alimentos, vivienda y otros servicios, disponiéndose que este Apartado (e) no será aplicable en el caso de un empleado que tenga licencia o certificado válidos que le permita dedicarse a la práctica **de la abogacía o de la medicina o de cualquiera de sus ramas,** y cuyo trabajo consista en la práctica activa de una de tales profesiones.*

*También significa cualquier empleado cuyo trabajo cumpla con los requisitos dispuestos en el Apartado (a), Inciso 1 ó 2 de este Artículo V, y que reciba por sus servicios una compensación fija o a base de por ciento u honorarios que equivalga a un salario semanal no menor de ciento cincuenta dólares ($150.00), excluyendo alimentos, vivienda y otros servicios.*" (Énfasis nuestro.)

Como se puede apreciar de lo anterior, la doctora Ortiz Rivera es una profesional según la definición adoptada por la Junta de Salario Mínimo, a la que no le aplica la Ley de Salario Mínimo. Debido a ello, incidió el Tribunal de Instancia al imponerle a los apelantes una penalidad a favor de un reclamante a la que no le cobija la Ley de Salario Mínimo.

Por los fundamentos anteriormente expuestos, se modifica la sentencia recurrida para dejar sin efecto la penalidad impuesta por el Tribunal a la suma concedida en la sentencia y así modificada se confirma.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 176

**1.** No podemos referirnos al Escrito de Apelación presentado pues los apelantes no sometieron apéndice alguno.

**2.** En lo pertinente dispone lo siguiente:

*"El Secretario del Tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se [sic] en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle."*

..........

**3.** La Regla 16 (c) del Reglamento del Tribunal de Circuito de Apelaciones dispone en lo pertinente lo siguiente:

*"En los casos civiles, el escrito de apelación, conteniendo el señalamiento y discusión de los errores, constituirá el alegato de los apelantes, y no se permitirá uno suplementario, excepto por causa justificada y con*

*permiso del Tribunal de Circuito de Apelaciones....".*

**4.** Esta dispone en lo pertinente lo siguiente: *"Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término de contestar. En ningún otro caso tendrá jurisdicción el Tribunal de conceder esa prórroga".*

**5.** Esta dispone en lo concerniente a este asunto lo siguiente:

*"Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado..."*

**6.** La palabra *"obrero",* según se emplea en las secs. 3118 a 3132 de este título, comprenderá todo trabajador manual, de cualquier sexo y a aquellas personas naturales que estuvieren empleados en servicios u ocupaciones domésticas, y la palabra *"empleado",* que se usa en su acepción más amplia, comprenderá, entre otros, a toda clase de artesano, empleado o dependiente de comercio o industria. Sección 2, Ley Número 2, *supra.*

**7.** Esta dispone, lo siguiente:

*"Todo empleado... contratado sin tiempo determinado, que fuere despedido de su cargo sin que haya mediado una justa causa, tendrá derecho a recibir de su patrono en adición al sueldo que hubiere devengado: (a) el sueldo correspondiente a un mes por concepto de indemnización; (b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio."*

**8.** Esta dispone lo siguiente:

*"Todo obrero o empleado que por su trabajo reciba recompensación inferior a la prescrita en las secs. 244 et. seq. de este título o en un decreto mandatorio, orden o reglamento de la Junta de Salario Mínimo o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, por concepto de salario, vacaciones, licencia por enfermedad o cualquier otro beneficio, más una cantidad igual a la que se haya dejado de satisfacer, por concepto de compensación adicional, además de las costas, gastos, intereses y honorarios de abogado del procedimiento, estos últimos en suma razonable que nunca bajará de cincuenta (50) dólares, sin que para nada de ello obste pacto en contrario."*